St. Louis, Iron Mountain & Southern Railway Company

*v.* Cain.

Opinion delivered May 28, 1906.

Negligence—instruction.—It was error, in an action against a railroad company to recover damages for injuries received in being run over by defendant's car, to instruct the jury that defendant was liable if its employees failed to exercise care to stop the car after they discovered plaintiff's danger, where the undisputed evidence showed that the car was not equipped with brakes and could not have been stopped in time to avoid the injury.

Appeal from Chicot Circuit Court; *Zachariah T. Wood,* Judge; reversed.

STATEMENT BY THE COURT.

The plaintiff, Samuel E. Cain, brought this action against the St. Louis, Iron Mountain & Southern Railway Company to recover damages sustained on account of being run over by cars on defendant's road at Eudora, Arkansas.

The circumstances attending the injury were, substantially, as follows:

The railroad at Eudora runs north and south, and there are four tracks at the point where the injury occurred. Counting from the west, there is first a sidetrack, called the "house track;" next is the main track; next is a sidetrack, called the "passing track," and the last on the east side is an open track, running off

to a gin. The tracks run through a deep cut, and engines and a steam shovel were at work excavating, loading and hauling dirt for use in construction of the road. The injury occurred about 5:30 o'clock in the afternoon of May 30, 1904, while plaintiff was attempting to cross along a footpath used by the public. This path was 244 feet north of the street crossing. Plaintiff and a number of other persons, from six to ten in number, according to the varying statements of the witnesses, started from the west side of the railroad tracks to accompany and assist an officer conducting a prisoner to the calaboose, situated on the east side of the tracks. When they crossed the tracks, several of the posse were immediately in front of plaintiff, and several behind him, but all were close together. They crossed the house track and main track, and attempted to cross the passing track at the south end of a line of three or four cars standing on that track, when a line of moving cars which had been pushed in on this track by an engine struck the standing cars, and set them violently in motion, and plaintiff was struck, knocked down and seriously injured. The line of cars pushed in by the engine—16 in number—had been standing on the main track north of the end of the switch for about an hour, loaded with dirt, and when the passenger or mixed train arrived, the engine was detached from its train, and coupled to the north end of the cars, and pushed on to the passing track. As soon as the cars cleared the switch, which was before the front end reached the cars near plaintiff and his companions, the engine was detached therefrom while the cars were in motion, and backed on to the main track, where it was standing several hundred yards distant when the accident occurred. The cars pushed in by the engine were equipped with air brakes, but none of the cars had handbrakes or other equipment for use in checking or controlling them. The air brakes contained no air, and the hose connecting the brakes was not coupled to the engine which pushed them in on the switch. A brakeman was seen standing on or near the front end of these cars at the time and immediately before they struck the cars near plaintiff. There was evidence tending to show that no signal or warning of any kind of the approach of the moving cars was given, and that no effort was made to check the cars.

Negligence of the servants of the company is charged in

several particulars, each of which charges is denied in the answer, and contributory negligence on the part of the plaintiff in going upon the track without looking and listening for approaching cars is also pleaded.

The only charge of negligence on the part of the defendants which was submitted to the jury was that of alleged failure of the employees in charge of the train of cars to exercise care to avoid injuring plaintiff after they discovered his perilous position.

The court gave the following instruction on that subject at the request of plaintiff:

3.   "If you should find from the testimony that plaintiff was guilty of contributory negligence in going upon the railroad company's tracks at the time and place he was injured, and was a trespasser thereon, still, if you find from the testimony that there was a brakeman on the detached portion of the railway company's train, which was running along the sidetrack towards the plaintiff, and that said brakeman saw a crowd of men, of which plaintiff was one, crossing and about to cross the railroad tracks in time to have stopped said cars, if he could have stopped them and avoided the injury, and that, after he had discovered the imminent danger that said men were in, he made no attempt to stop said train, but permitted the same to run on against said dead cars, and thereby injured plaintiff, the defendant is liable for damages, and your verdict will be for the plaintiff."

The jury returned a verdict in favor of the plaintiff, assessing damages, and the defendant appealed.

*B. S. Johnson,* for appellant.

The third instruction, given over appellant's objection, was misleading, and not responsive to the evidence.  There is no proof that the brakeman saw plaintiff on the tracks, nor that the train crew knew or had time to discover the peril of plaintiff in time to cheek the train.   Neither is there any proof to show that the standing car could have been stopped by any human agency after it was struck.

*Pugh & Wiley,* for appellee.

Appellant, having obtained an instruction to the same effect as the third given for appellee, it is in no position to complain. That they are both correct, see 36 Ark. 371; 46 Ark. 522.   The

court will draw the strongest inference in favor of the finding of the jury from the testimony. 74 Ark. 407. The jury were entitled to find the facts from the testimony and to deduce from them all reasonable inferences consistent with common knowledge, experience and observation. 60 Ark. 409; 14 Ark. 79. The rule does not require that the injured party be seen on the track. Liability accrues if the omission occurs "after becoming aware of plaintiff's peril." 36 Ark. 371.

McCulloch, J., (after stating the facts.) It was error to give an instruction on the subject of negligence of appellant's employees in failing to exercise care to stop the cars after they discovered the perilous position of the plaintiff. There was no evidence that they could have stopped the train after the plaintiff and his companions started upon the track behind the stationary cars. The moving cars were detached from the engine, there were no hand brakes on them with which to control them, and there was no air in the air brakes. They were moving at rapid speed, sufficient when they struck the standing cars to push or bump the latter a distance of about 250 feet, and they were very close to the standing cars when plaintiff and his companions went on the track. According to the undisputed evidence, it was impossible for the cars to have been stopped, after plaintiff or his companions started upon the track, in time to have avoided striking him.

It is urged by learned counsel for plaintiff that the brakeman might have given a signal or warning of danger to attract the attention of those in peril. That question was not, however, submitted to the jury by this instruction, which told the jury that, notwithstanding contributory negligence on the part of plaintiff, if they found that employees of the defendant discovered the peril in time to have stopped the cars and avoid the injury, and failed to do so, the defendant was liable. The jury should not have been instructed upon a charge of negligence for which there was no evidence. It was prejudicial error to do so. *Ark. & La. Ry. Co.* v. *Stroude*, 77 Ark. 109, and cases cited.

But, it is insisted, the jury could rightfully have inferred that the employees in charge of the train of cars would not have sent them moving swiftly toward a public crossing without some means of stopping or controlling them. The jury were not war-

ranted in drawing such inference in the face of the undisputed testimony of witnesses who stated positively that the cars were not at the time equipped with brakes or other means by which they could be stopped, and that there was no way in which they could have been stopped in time to avoid the injury.

Inasmuch as the case must be reversed on account of the error in giving this instruction, we need not discuss appellant's other assignments of error.

Reversed and remanded for new trial.