ARKANSAS CENTRAL RAILROAD COMPANY *v.* FAIN.

Opinion delivered March 30, 1908.

RAILROAD—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.—Where, in a personal injury suit, the testimony showed the defendant, a deaf man, was knocked off a railroad track by a train, that as he approached the track he looked both ways, and saw no train, but that when he reached the track he stooped to tie his shoe and remained in this position while the train, moving at the rate of from six to twelve miles an hour, ran from 180 to 295 feet and struck him, he was guilty of contributory negligence as matter of law, and it was error to submit that question to the jury.

Appeal from Logan Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*Oscar L. Miles* and *Lovick P. Miles,* for appellant.

Because of appellee's patent contributory negligence in failing to use his sense of sight, he being deaf, and in thoughtlessly and recklessly remaining on the track, and of the total want of proof of negligence on the part of appellant, the court should

have given a peremptory instruction for the appellant.  95 U. S. 697; 74 Ark. 379; 82 Ark. 522; *Id.* 267; 46 Ark. 513.   The testimony of the engineer and fireman was consistent and reasonable, and could not arbitrarily be disregarded.   80 Ark. 396; 67 Ark. 514.   There is no proof that appellant wantonly, maliciously, intentionally or recklessly injured, or was guilty of such negligence after discovering his peril as to warrant such an inference. 76 Ark. 11; 57 Fed 921.

Appellee *pro se.*

As to appellee's contributory negligence, the testimony was such that fair-minded men might reasonably differ as to whether or not there was contributory negligence on his part.   It was therefore a question for the jury, and a peremptory instruction was properly refused.   76 Ark. 231; 61 Ark. 549; 52 Ark. 369; 54 Ark. 159.

If it was error to refuse the peremptory instruction (which is not conceded), that error was waived by appellant's introduction of testimony which made out a clear case of negligence against it.   13 S. W. 946; 20 S. W. 490; 10 S. W. 846.   See, also, 159 U. S. 43; 80 Ark. 190; *Id.* 169; *Id.* 788; Kirby's Dig. § 6607; 43 Ark. 225; 57 Ark. 192; 62 Ark. 182.

BATTLE, J.   W. A. Fain sued the Arkansas Central Railroad Company in the Logan Circuit Court for damages in the sum of $2,000 on account of injuries caused by a train of defendant knocking him off its track at a public street crossing in the town of Paris, in this State.   The defendant denied that it was guilty of negligence, and pleaded the contributory negligence of plaintiff.

The undisputed facts in the case are, in part, as follows: Plaintiff was deaf.   Between two and three o'clock in the afternoon he approached the railroad track of the defendant at a place where a street in Paris crossed it.   When he reached the track, he placed his foot on a tie or rail in the track, and stooped over as if in the act of tying his shoe.   As he approached the track, he looked both ways, and saw no engine or train.   While in the stooping position, he made no effort to keep a lookout, but remained in this position while an engine of defendant, moving at the rate from six to twelve miles an hour, ran from 180 to 295 feet and struck him.   He testified: "I know when I walked up

the track I looked either way to see whether there was a train. There was no obstruction on the track. I did not see anything either way. There was no engine or train visible either way. I felt something on my leg, and I put my foot upon a tie to see what it was, and to take whatever it was off my leg. Then the next I knew there was a reflection of the engine as I stepped or turned eastward. The reflection of the engine came into my eye, and I just only had time to throw up my hands." Had he looked as he should have done, he would have seen the engine of defendant in time to have avoided injury. He did not do so, in consequence of which he was injured. He was unquestionably guilty of contributory negligence. Yet the court submitted to the jury, in instructions given over objections of the defendant, the question as to whether plaintiff was guilty of contributory negligence. It should have instructed the jury that he was guilty of contributory negligence, and then as to the duty of the defendant after it discovered him upon or in close proximity to the track. Instructions upon what constituted contributory negligence tended to mislead the jury, and the court erred in giving them.

The result of the trial was a judgment in favor of the plaintiff for $275. It is reversed, and the cause is remanded for a new trial.