ARKANSAS CENTRAL RAILROAD COMPANY *v.* WORKMAN.

Opinion delivered October 5, 1908.

1. MASTER AND SERVANT—DEFECTIVE APPLIANCE.—In an action by a brakeman for an injury received while alighting from the tender of an engine, evidence which showed that the step on the engine was in a defective condition, which caused plaintiff to slip as he attempted to alight, was sufficient to justify a finding that the railroad company was negligent. (Page 473.)

2. SAME—DUTY TO WARN SERVANT.—It is the duty of a master to instruct a servant as to patent as well as latent dangers if, by reason of youth and inexperience, the servant does not know of or appreciate them. (Page 474.)

3. INSTRUCTIONS—RELEVANCY TO EVIDENCE.—Issues submitted to a trial jury must be confined to those which find some support in the testimony. (Page 474.)

4. MASTER AND SERVANT—DUTY OF RAILROAD TO LIGHT STATION PLATFORM.—Railroad companies are not required to light up platforms and other places where it may become necessary for brakemen on freight trains to alight from their trains, unless there be some hidden danger at a place where they are liable to be injured. (Page 474.)

Appeal from Franklin Circuit Court, Charleston District; *Jeptha H. Evans,* Judge; reversed.

*Lovick P. Miles,* for appellant.

1. There is no evidence tending to prove that want of instruction as to how to alight from a moving train was the proximate cause of the injury; no instruction was necessary, and the law does not require that it be given. Nor was there any defect shown in the step or platform, and it is a matter of common knowledge that a headlight does not throw light back along the side of the engine or train. Hence there was no evidence

of negligence, and a verdict should have been directed for defendant.

2. The servant assumes the risks ordinarily incident to service. 56 Ark. 21; 77 *id.* 374; 56 *id.* 232; 41 *id.* 542; 46 *id.* 388; 39 *id.* 17. Even a minor is presumed to have knowledge of dangers which he had opportunity to know. 82 Ark. 534; *ib.* 11.

*T. A. Pettigrew,* for appellee.

1. Failure to instruct a young and inexperienced brakeman as to the proper and safest way in getting off moving trains is negligence. Such an one does not assume the risk. 105 S. W. 882; 56 Ark. 216; 82 *id.* 534; 53 *id.* 456; 56 *id.* 216; 53 *id.* 117.

2. It is not contributory negligence to get off a moving train when such act is a custom permitted by the company. 105 S. W. Rep. 882; 107 *id.* 1021; 48 Ark. 333.

3. It is the duty of a railroad company to keep its platform in safe condition. 48 Ark. 491; 98 S. W. Rep. 441; 78 *Id.* 483.

4. It is also negligence to permit a step on the engine to be defective. 74 S. W. Rep. 897.

McCULLOCH, J. Appellee is a minor under the age of twenty-one years, and sues appellant railroad company to recover damages for personal injuries received while performing service for the company as brakeman on a freight train. He recovered judgment below, and the company appealed. Appellee was, at the time he took service with the railroad company, eighteen years of age, and was entirely inexperienced in that kind of work. He received the injury complained of during his first day's service, or rather during the night succeeding the first day's service. He made a trip from Paris to Fort Smith during the day, and was injured on the return trip that night. While the train was being slowed down at a station named Ursula for the purpose of discharging freight, and as the engine moved past the platform, he stepped from the tender of the engine, and as he alighted on the platform he lost his balance and fell backward through the opening between two cars and the space between the cars and edge of platform. His arm was mangled, so that it had to be amputated.

Negligence of the company is alleged in several particulars, viz.:

First. That the headlight on the engine was insufficient to enable the brakeman to see the platform clearly.

Second. That the platform was not lighted so that the brakeman could see how to alight thereon.

Third. That the step on the tender of the locomotive from which the brakeman had to alight was "old, out of repair, very sleek and inclined downward," so that it was unsafe for use.

Fourth. That the platform at Ursula was unsafe by reason of being higher than the step on the tender, and was fourteen inches away from the passing cars, or tender.

Fifth. That the train from which appellee alighted was run past the station at a dangerously high speed.

Sixth. That appellant failed to instruct appellee concerning the safest manner of getting off moving trains and to warn him of the dangers thereof.

All of the acts of negligence are alleged in the complaint to have contributed directly to the injury.

The court, by proper instructions, properly took away from consideration by the jury the first and fifth alleged acts of negligence because there was no evidence to sustain them.

It is contended that there was no evidence to sustain any of the charges of negligence, and that the court erred in refusing to take the whole case from the jury.

We are of the opinion, however, that there was evidence sufficient to sustain the third and sixth charges. There was testimony tending to show that the step from which appellee had to alight was old and worn sleek, and was inclined downward, so that appellee's foot slipped when he stood on it. It is true that he did not slip from this step, but he testified that just before he was ready to alight his foot slipped, and he was compelled to grasp the handhold with both hands which probably caused him to lose his balance when he alighted on the platform from the moving train. There is testimony to the effect that in attempting to step from a moving train it is necessary to first release the hand-hold before stepping off, otherwise the person will be jerked back under the train. So the slanting and sleek surface of the step on the tender rendered it such an insecure

foot-rest that it may have caused appellee to cling too long to the hand-hold in order to prevent slipping off the step, thereby hindering him in successfully alighting. It was, of course, negligence to allow the step to get out of repair, and the jury could have concluded that it contributed to appellee's injury in the way just explained.

It is uncontradicted that appellee was at the time he took service with appellant company, and when he was injured, a youth wholly inexperienced in railroad work, and that no instruction was given him at all about the safest manner of getting off and on moving trains. He was given no warning whatever of the danger of getting off the wrong way. That there is a reasonably safe manner and a dangerous one of getting off moving trains is fully explained in the evidence and is undisputed. It is true that these differences are obvious when reasoned out according to the laws of motion, and, in a sense, the danger of getting off a moving train in the wrong manner may be considered a patent one. It is, however, the duty of a master to instruct a servant as to patent as well as latent dangers if, by reason of youth and inexperience, the servant does not know of or appreciate such danger. *Ford* v. *Bodcaw Lumber Co.,* 73 Ark. 49; *Louisiana & A. Ry. Co.* v. *Miles,* 82 Ark. 534.

We think there was evidence sufficient to go to the jury and warrant a finding that appellee, by reason of his youth and inexperience did not properly alight from the moving train, and that this caused him to fall. If these facts are true, appellant is responsible for the injury.

The case should have been submitted to the jury only upon these two charges of negligence. The evidence did not warrant a finding of negligence on either of the other charges, and the court erred in submitting them to the jury. Issues submitted to a trial jury must be confined to those which find some support in the testimony, and it is error to submit abstract ones. *Arkansas & L. Ry. Co.,* v. *Stroude,* 77 Ark. 109; *McDonough* v. *Williams,* 77 Ark. 261; *Arkansas Central Rd. Co.* v. *Fain,* 85 Ark. 532; *St. Louis, I. M. & S. Ry. Co.* v. *Cain,* 79 Ark. 225.

No duty rested upon appellant to keep lights on or about the platform to enable brakemen to see how to alight from trains.

There is a duty to provide lights at night for the convenience and safety of passengers (2 Hutch. on Carriers, 936), but not to light up platforms and other places where it may become necessary for brakemen on freight trains to alight from their trains, unless there be some hidden danger at a place where they are liable to be injured.

Nor is any negligence shown in the construction or maintenance of the station platform. A space of about fourteen inches was left between the edge of the platform and passing cars, but this did not constitute negligence. There might be something in the charge of negligence if the distance from the step to the edge of the platform had been so great that it was dangerous to alight, but the injury in this case did not occur on account of appellee having to step the distance of fourteen inches. He stepped over the space without difficulty, but lost his balance because he did not part from the moving train in the right way, so as to retain his equilibrium when he alighted.

Reversed and remanded for new trial.