ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. LANE.

Opinion delivered January 15, 1923.

1. MASTER AND SERVANT—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.— Evidence held to sustain a verdict that plaintiff while aiding his fellow servants in putting a motor car on a railroad track .was injured by the unexpected pushing or shoving forward of the car by his fellow servants without the customary signal being given by the foreman.

2. TRIAL—INSTRUCTION LIMITING CONSIDERATION OF JURY.—Where several allegations of negligence are made in a complaint, and at the trial all but one are abandoned, a requested instruction limiting the jury's consideration to that one was improperly refused.

Appeal from Crawford Circuit Court; *James Coch-. ran,* Judge; reversed.

### STATEMENT OF FACTS.

Pete Lane brought this suit against the St. Louis- ·San Francisco Railway Company to recover damages ·for

personal injuries received while assisting his fellow servants in putting a motor-car on the defendant's railroad tracks. The defendant denied negligence on its part, and pleaded contributory negligence and assumption of risk on the part of the plaintiff.

According to the testimony of Pete Lane, the plaintiff, he was injured on the 12th of April, 1921, while assisting in putting a motor-car on the defendant's railroad tracks between Clayton and Stanley, Oklahoma. He was working at the time with a crew of seven men under the direction of a foreman. They had gone to the place where the injury occurred for the purpose of unloading a car of chat. They went to the place in a motor-car, and set it off of the track. They then assisted another section crew in unloading the car of chat. When they had finished, the foreman directed the crew to put the motor-car back on the track. Seven men were engaged in the work. Three of them were at one end and four at the other. After the foreman had given the orders to put the motor-car back on the track, the crew pushed the car up to the end of the ties. The plaintiff got hold of the car to help lift it up on the track, and the members of the crew at the other end pushed the car so that it was rolled over his foot. The plaintiff's foot was severely injured, and, according to his evidence, it is permanently injured.

According to the evidence adduced by the defendant, the crew was working under the direction of a foreman at the time the plaintiff was injured. Before the car was moved at all, the foreman would give a signal. The car had been removed from the rails and placed beside the track while the crew was unloading the chat. The foreman then directed the crew to place the motor-car back on the track. He first gave a signal, and the crew placed the car up on the end of the ties. The foreman then gave another signal for the crew to lift the car on the rails, and the plaintiff was injured while assisting in doing this.

The jury returned a verdict for the plaintiff, and the defendant has appealed.

*W. F. Evans* and *Warner, Hardin & Warner,* for appellant.

The testimony was not sufficient to establish negligence on the part of defendant.  1 Roberts, Federal Liabilities of Carriers, 942; *U. P. R. Co.* v. *Hadley,* 246 U. S. 330; *A. T. & S. F. R. Co.* v. *Swearingen,* 239 U. S. 339.  Negligence cannot be inferred merely from the occurrence of the accident; it must be proved by the party alleging it.  *Patton* v. *T. & P. R. Co.,* 179 U. S. 658; *K. C. S. R. Co.* v. *Cook,* 100 Ark. 467; *St. L. I. M. & S. Ry. Co.* v. *Steel,* 129 Ark. 520.  Plaintiff assumed all the obvious and ordinary risks of his employment.  118 Ark. 304; 14 L. R. A. (N. S.) 952; 48 L. R. A. (N. S.) 466; 84 Ark. 270; 106 Ark. 32.  If signals were not used or required in the work, then his fellow servants were not charged with any duty of protecting him by giving signals before moving the car.  104 Ark. 67; 1 Roberts. Federal Liabilities of Carriers, 959; 240 U. S. 444; 60 L. Ed. 732; 124 Ark. 431.  The court erred in giving instruction No. 1, as requested by plaintiff, on the question of negligence other than the particulars charged in the complaint.  71 Ark. 518; 135 Ark. 340; 69 Ark. 380; 153 Ark. 454; 152 Ark. 90.  Instruction No. 6, on the question of assumption of risk, was erroneous and prejudicial.  245 U. S. 441, 62 L. ed. 385; 233 U. S. 492, 58 L. ed. 1062; 241 U. S. 310, 60 L. ed. 1016; 244 U. S. 320, 61 L. ed. 1162.

*Dave Partain* and *G. L. Grant,* for appellee.

HART, J., (after stating the facts).  It is first earnestly insisted by counsel for the defendant that the evidence is not legally sufficient to warrant the verdict.

We do not agree with counsel in this contention. According to the testimony of the plaintiff, while it was not customary to give signals before moving the car, still he did not have any chance to get his foot away after they pushed the car up the dump to the end of the

ties. According to his testimony, his foot was caught under the wheels of the car by the other members of the car pushing it, without giving him any warning that they were going to do so.

Of course, under the evidence for the defendant, the customary signals were given by the foreman before the car was moved, and the defendant was not guilty of negligence. The evidence for the defendant, however, was contradicted by the testimony of the plaintiff, and this left the question of the negligence of the defendant and the contributory negligence of the plaintiff for the jury. If the men were working under the direction of the foreman, and only moved the car after he had given them a signal to do so, the men would have a right to rely on the giving of this signal before the car was moved. This was a proper method of doing the work, because the men could work to better advantage under signals given by the foreman than they could if each man was required to look out exclusively for his own safety. Where several men are engaged in lifting a heavy object it is fairly inferable that they could work to better advantage under concerted action than they could if each man was left to work in his own way. Therefore we do not think that this assignment of error was well taken.

It is next insisted that the court erred in refusing to give instruction No. 7 at the request of the defendant. The instruction reads as follows:

"The court instructs you that the only question of negligence in this case which you can take into consideration is whether or not the defendant's employees who were working with plaintiff in re-railing said motorcar, or placing same back upon the track, carelessly and negligently, and without notice or warning to him, shoved and pushed said motor-car upon the plaintiff, thereby catching his foot and heel between the front end of said motor-car and the track, and injuring him as alleged, and the burden of proof is upon the plaintiff to

prove such negligence upon the part of the defendant by a preponderance of the testimony, and if he fails to do so you should return your verdict for the defendant."

We think the assignment of error is well taken. Several allegations of negligence were made in the complaint, but at the trial all were abandoned except the one alleging that the car was run over the plaintiff's foot while being placed back upon the track, without notice or warning to him.

This is admitted by counsel for the plaintiff, but they insist that the instruction is not prejudicial because, in another instruction asked by the defendant and given by the court, all the grounds of negligence alleged in the complaint were submitted to the jury. This, however, did not relieve the court of the responsibility of submitting the case to the jury on the only ground of negligence relied upon by the defendant when specifically requested to do so. Otherwise the jury might have found for the plaintiff upon allegations of negligence of which there was no proof. *Arkansas Central Rd. Co. v. Workman,* 87 Ark. 471; *Ohio Handle & Manufacturing Co.* v. *Jones,* 98 Ark. 17, and *Athletic Min. & Smelt. Co.* v. *Sharp,* 135 Ark. 330.

But it is insisted that instruction No. 7 was faulty in ignoring the evidence to the effect that the motor-car was, without notice or warning, shoved or pushed over the defendant's foot. A careful reading of the instruction will show that such is not the case, and the instruction in apt words submits to the jury the only question of neglience relied upon by the plaintiff for a recovery. No other instruction limiting the recovery to a finding by the jury in favor of the plaintiff on the question of negligence relied upon by him in his proof was given to the jury. Therefore the case was not properly submitted to the jury, and the court erred in refusing to give instruction No. 7 asked for by the defendant.

While we do not deem it necessary to set out other instructions asked by the defendant and modified by the court, we call attention to the fact that they carried this same error. The instructions as modified specifically submitted to the jury all the allegations of the complaint, and, as we have already stated, the plaintiff concedes that there was only proof to establish one of these allegations.

For the error indicated the judgment must be reversed, and the cause will be remanded for a new trial.