## Winset STEWART *v.* KEY COMPANY, INC.

CA 79-152                                    590 S.W. 2d 872

Opinion delivered November 28, 1979
Released for publication December 19, 1979

*Mike J. Etoch, Jr.,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* by: *Martin G. Gilbert,* for appellee.

M. Steele Hays, Judge. This appeal was lodged in the Supreme Court of Arkansas and transferred to the Court of Appeals pursuant to Rule 29(3).

Appellant owns and operates a service station and fish market in conjunction with his home near Clarendon. He filed this suit to recover damages for the cost of repairing a gasoline pump and buildings housing the fish market which allegedly resulted from the negligent operation of a truck belonging to the defendant (appellee) and driven by defendant's employee, Mr. McKenzie.

The case was tried to a jury and resulted in a verdict for

the defendant, from which appellant appeals, assigning as error the trial court's refusal to instruct the jury in accordance with Ark. Stat. Ann. § 75-614(a), which reads:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

Appellant argues on appeal that his "entire case was based on the proposition that the Defendant (driver) was following the car in front too closely, at a high rate of speed. . . ." and, therefore, the court should have given the requested instruction. We have searched the record in vain for some viable basis on which to confirm this assertion by appellant. The fact is, as appellee correctly argues, appellant's case was based upon the proposition that the defendant's driver was driving too fast and struck a parked car, which then struck the gas pump and buildings, rather than upon a theory of following too closely.

Appellant's case rested on the testimony of two eye witnesses to the incident — himself and his daughter, Mrs. Coburn. Mrs. Coburn testified that she saw the defendant's truck from her kitchen window as it approached, travelling at a very high rate of speed (70 to 80 mph) and on the wrong side of the road; that she could hear the horn, skidding and brakes being applied; that the truck was out of control and collided with an unoccupied automobile that had been parked for some time near the gas pump; that the impact caused the automobile to collide with the gas pump and buildings, resulting in the damage complained of.

Appellant's testimony was consistent with that of Mrs. Coburn with one exception — he did observe another vehicle, an automobile, going in the same direction as the truck; however, this vehicle, he says, did not stop but continued on its way (Tr. 113). Appellant's brief suggests that it was this moving vehicle which did not stop that appellant was referring to in part of his testimony, rather than the parked vehicle, but a study of the appellant's testimony in its entirety (very little of which is abstracted) simply will not support this

contention. On at least three separate instances in his testimony the appellant states that it was the *parked* vehicle that was struck and then collided with the gas pump and buildings (Tr. 67, 110 and 157). Unquestionably the testimony of appellant and Mrs. Coburn agree on this point.

In contrast, the defendant's driver, Mr. McKenzie, testified that he was proceeding at a speed of 40 to 45 mph, that he observed an automobile ahead approximately 100 yards distant, at a slightly slower speed; that he moved over into the passing lane when about 30 yards away and as he was proceeding to overtake the vehicle it suddenly turned sharply to the left and he was unable to avoid striking the left rear of the vehicle. Mr. McKenzie testified positively that it was this moving automobile that struck appellant's structures and *not* the parked vehicle; moreover, the names and addresses of the occupants of this vehicle were supplied the appellant's lawyer in response to interrogatories prior to trial. Whether Mr. McKenzie was otherwise negligent is not material to any issue on appeal, but one thing is clear — he could not have been found to be in violation of 75-614 on the basis of his own account of the collision, as appellant contends. If it were otherwise, it would be impossible to pass on the highways without risking a violation of this statute. Indeed, when the statute is examined in its entirely it becomes evident that the conduct of the defendant's driver was perfectly permissible under the statute, as the final sentence reads: ''The provisions of this subdivision shall not be construed to prevent overtaking and passing. . . .''

Thus, a somewhat unusual conflict is presented — appellant contends that the *parked* vehicle was struck by the appellee's truck and caused appellant's damage; whereas, appellee contends it was the *moving* vehicle which was struck. Why this divergence occurred is not clear, but it is clear that the jury's verdict rendered the issue moot, and whatever may have been the jury's conclusion on the matter, its verdict discharged the defendant of negligence in connection with appellant's damage. We mention this simply by way of observing that it appears clearly from the record that the trial court fully instructed the jury in a manner consistent with the appellant's theory of the case and for it to have given

the instruction now complained of would, we believe, have gone far beyond any theory supported by either the pleadings or the evidence. The record does not disclose whether the trial court's refusal to give the instruction was because the issue of following too closely was not raised in the pleadings or because it was not supported by the evidence, or both; but we find that the decisions of this state would support him on either point. In *Dominion Textile Company, Ltd.* v. *Beck,* 188 Ark. 1090, it is said that in order to be submitted to the jury an issue must be raised in the pleadings. Further, the court was more than justified in refusing to so instruct from the standpoint of a total absence of evidence raising an issue of following too closely, as the law requires not merely evidence, but *substantial* evidence, in order to create a submissible issue for the jury's deliberation. Some of the numerous cases in support of this point are: *Hill* v. *Whitney,* 213 Ark. 368, *Kansas City & Southern Ry. Co.* v. *Diggs,* 205 Ark. 150, *St. Louis S.F. Ry. Co.* v. *Lane,* 156 Ark. 465, *Harkrider* v. *Cox,* 230 Ark. 155, and *State Bank* v. *McGuire,* 14 Ark. 530.

The judgment of the trial court is affirmed.