, SHIRK V. WILLIAMSON.

1. PLEADING : *Effect of general denial.*

The plaintiff claimed title to the land in controversy by a devise, which was particularly alleged in her complaint and not specifically denied by defendant's answer—the latter containing only a formal and general denial, *Held :* That the effect of the answer was to admit that the plaintiff acquired such interest in the land as the devisor had at the time of his death—(Gwynn v. McCauley, 32 Ark., 97; Hecht v. Caughron, 46 Ark., 132.)

2. MORTGAGE: *Fraudulent execution of, under power to sell.*

M., holding a power of attorney authorizing him to sell, but not to mortgage, certain lands belonging to W., conveyed them to S., by a deed which though absolute in form, was intended to operate as a mortgage and was made to secure the individual debt of M. to S. In an action brought against M. and S. by the devisee of W., the evidence showed that the mortgage was a fraudulent transaction between the defendants. *Held :* That S., being a party to the fraud, could derive no benefit from the mortgage and it was properly annulled.

3. EVIDENCE: *Writing exhibited with pleading.*

Where the execution of a writing, exhibited and filed with the answer of a defendant, is denied by the plaintiff in a reply filed for that purpose, the defendant must prove its execution before he is entitled to read it in evidence.

4. POSSESSION : *Of wild lands : Suit to quiet title.*

Wild unoccupied lands, are in the constructive possession of the true owner, notwithstanding the claim of one holding a title thereto obtained by fraud; and such owner may maintain a suit to quiet title without actual possession.


APPEAL from *Clay* Circuit Court in chancery.

W. H. CATE, Judge.


STATEMENT.


The appellee filed her complaint in equity against the appellant, Shirk, and Theodore B. Mills, to set aside as fraudulent, a deed made by Mills, conveying certain lands to Shirk, and to quiet her title to the lands which she claimed as devisee of her deceased husband, James M. Williamson. The complaint alleges that the deed was made under a power of attorney executed by the plaintiff and her husband, authorizing Mills to sell the lands but giving him no authority to mortgage them; and that the conveyance to Shirk, al-

Shirk v. Williamson.

though in the form of a deed, was in fact a mortgage made to secure Mill's individual debt. The plaintiff also alleged that she was in possession of the lands and exhibited with her complaint the will under which she claimed title. The first paragraph of Shirk's answer contains a general denial in the following form : " Defendant * * * answering to plaintiff's amended complaint says, that he denies each and every allegation therein contained except the alleged making of the power of attorney by herself and husband, James M. Williamson, to the defendant Mills, and the due execution of a deed thereunder to this defendant." Shirk also denied the alleged possession of the lands by the plaintiff. The other issues formed by the pleadings and the effect of the evidence are sufficiently stated in the opinion. The decree granted the relief sought by the complaint, and Shirk appealed.

*S. M. Chapman*, of Missouri, for appellant.

1. Appellee claims as devisee of her deceased husband, and no proof, as required by law, was adduced to sustain her claim. *Mansf. Dig.*, secs. 6508, 7534 ; 3 *Cranch*, 319 ; 9 *Wheat*, 565 ; 9 *Wall*, 394.

2. Appellant is estopped by her instrument declaring that Mills was the owner of an undivided half of said lands, and by her silence and acquiescence for so long a time. See 3 *Hill*, *N. Y.* 221 ; *Herman Est.*, secs. 333, 611, 619 ; 100 *U. S.*, 578 ; 33 *Cal.*, 449 ; 33 *Cal.*, 459 ; 2 *Smith Lead. Cas*, *6th Ed.*, 693, 820 ; 85 *N. Y.*, 609.

3. No action to quiet title or remove a cloud, will lie without proof of possession. If not in possession, the remedy is by ejectment. 23 *Ark.*, 746 ; 52 *Mo.*, 272 ; 86 *Mo.*, 329 ; 16 *N. Y.*, 519 ; 18 *How*, 263.

4. Plaintiff is barred by limitation.    *Mansf. Dig., sec.* 4471.

*E. R. Lentz,* of Missouri, for appellee.

1. The will was set out as an exhibit to the complaint and offered in evidence. *Mansf. Dig.,* secs. 6510, 6531–2; 38 *Ark.,* 477.

2. There is not a scintilla of evidence to show that either James M. Williamson or appellee ever executed the papers purporting to vest a half interest in the lands in Mills. Their execution being denied on oath, it devolved on appellant to prove their execution.

3. The lands in this case were wild and uncultivated, and no proof of posession was necessary. Possession is deemed to be with the legal title. 6 *Pet.,* 743; 2 *Wheat.,* 29; 8 *Cowen,* 589; *Angell on Lim.* 6th Ed., sec. 384; *Tyler on Adv. Enj., p.* 852; 44 *Ark.,* 437.

4. There is no question of limitation in the case, as appellant, in his answer, admits that he is *out of possession.* 24 *Ark.,* 392.; *Angell on Lim.* 416.

OPINION.

COCKRILL, C. J.    Both parties claim title through James M. Williamson—one by deed, the other by devise.

I. The plaintiff's claim of a devise, which was particularly alleged in the complaint, was not specifically denied by the answer, and was not, therefore, put in issue. The formal general denial goes for naught. *Gwynn v. McCauley,* 32 *Ark.,* 97; *Hecht v. Caughron,* 46 *Ark.,* 132. The effect of

Shirk v. Williamson.

the answer was to admit that whatever interest James M. Williamson had in the lands at his death passed to the plaintiff by the will, and to tender the issue of a superior title in the defendant. It was not necessary, therefore, for the plaintiff to adduce proof that she had succeeded to whatever title James M. Williamson had at his death.

II. The appellant, who was the defendant below, claimed under a conveyance executed in the lifetime of James M. Williamson by one T. B. Mills, as his attorney. Mills held a power of attorney from Williamson authorizing him to sell the lands. The conveyance he executed is in form a deed, but the answer virtually concedes what all the proof tends to establish, that it was in reality a mortgage made to secure Mills' individual debt to the defendant. As the defendant was a party to this fraudulent transaction, he can derive no benefit from it as against Williamson. The court was right in annulling the Mills conveyance.

III. The answer sets out the copy of a declaration in writing, purporting to have been made by James M. Williamson, to the effect that Mills was the owner in his own right, of a one-half undivided interest in the lands; and alleged that the defendant had taken the conveyance upon the faith thereof, believing that Mills was the equitable owner of an interest in the lands as represented, and relied upon this as an estoppel *pro tanto* against the plaintiff. There was also exhibited with the answer an instrument purporting to have been executed by the plaintiff after her right accrued to the same effect as that alleged to have been executed by James M. Williamson.

The execution of these instruments was denied under oath by a reply filed for that purpose, and no proof was offered to sustain the allegations of the answer in reference to them. It was not error, therefore, to decree against the defendant on that score.

IV. As the lands are wild and unoccupied, they are in the constructive possession of the true owner, and suit to quiet title could be maintained without actual possession. The fraudulent attempt of Mills and the appellant to divest the plaintiff of her title did not operate to disseize her. Affirm.