BUSBY v. MITCHELL.

1. In action to recover the possession of land, for an injunction restraining the use of it by defendants, and for damages for its retention, the Circuit Judge held that the defendants were entitled to the possession and dismissed the complaint. On appeal, this court held that the plaintiffs were entitled to the possession, and reversing the judgment of the court below, remanded the case "for such further proceedings as may be necessary to carry out the views herein announced." *Held*, that the question of damages was not adjudicated.

2. This being a case in chancery, in part for injunction to restrain further injury to land, the measure of compensation for past injury may be ascertained by the master; and plaintiffs were entitled to a reference for that purpose.

Before FRASER, J., Lexington, February, 1886.

The appeal was from the following decree, omitting its statement:

The Circuit Judge might have held that plaintiffs were entitled to damages, if he had come to the conclusion that they were entitled to the school-house. He came to the conclusion that they were not entitled to either, and such was the effect of his judgment. The whole matter of relief was carried to the Supreme Court by the appeal. If the Supreme Court had simply reversed the judgment of the Circuit Court, or remanded the case for a new trial, every question would have been open, and there would have been no reason why the defendants could not have shown, if able to do so, additional facts defeating the title of plaintiffs, or strengthening that of the defendants. The claim for damages would have been open.

The Supreme Court, however, has done more than this. It has passed a distinct judgment on the merits. It has ordered "that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced," and these views are "that the plaintiffs are entitled *to be restored to the possession of the school-house* in question, *with the right to the control and management* of the school;" and

this is all.  It is not contended that the right to the possession of the school-house is an open one.  This matter has been adjudicated, and all that is left for the Circuit Court is to make such orders as are necessary to enforce this judgment of the Supreme Court in reference to the possession of the school-house, unless the plaintiffs have still a right to go on and get damages.

All the issues as to relief were presented to the Supreme Court. That court has rendered a judgment on these issues, granting a part of the relief and not expressly refusing, but not in express terms granting, relief as to damages.   "The omission of a court to award relief prayed for is an adjudication in effect that the complainant is not entitled thereto.   A judgment or decree is conclusive upon all causes of action and all matters of defence presented by the pleadings, and not withdrawn before or during the trial."   *Freem. Judg.*, § 272.   A judgment extends not only to "what was actually determined, but it extends to every other matter which under the issues might have been litigated and decided in the suit."   6 *Wait Act. & Def.*, p. 786, § 29, and cases there cited.   See *Trimmier* v. *Thomson*, 19 S. C., 247.

Holding, therefore, that the judgment of the Supreme Court in this case has not only reversed but modified in whole the Circuit judgment appealed from, the duty of the Circuit Court is not to reconsider any of the issues presented to that court, but "to enforce" its judgments "according to law."   *Code*, § 12.   I do not consider the question of damages an open one.   The motion for a reference as to damages is therefore refused, and it is so ordered and adjudged.

*Messrs. Gary, Meetze & Muller*, for appellants.

*Mr. L. F. Youmans*, contra.

October 19, 1888.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   In the year 1883, the plaintiffs brought this action, in which they demanded judgment: (1) For the possession of a certain school house; (2) that the defendants should be enjoined from interfering therewith; and (3) for damages on account of the detention thereof by the defendants.   The

cause was heard by Judge Pressley, who rendered a decree against the plaintiffs, that the school-house was the property of the "Trustees of the Leesville School," and refusing any further relief to the plaintiffs. From this decree both parties appealed upon various grounds, and the plaintiffs, among others, that his honor erred in failing to grant the relief prayed for in the complaint. This court, holding "that the plaintiffs were entitled to be restored to the possession of the school-house, with the right to the control and management of the same," *reversed* the Circuit decree, without, however, making any express reference to the subject of damages, but ordered that "the case be remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced.[1]

Accordingly the case went back, and when it was called in its turn, the plaintiffs made a motion for an order of reference to ascertain and assess the damages claimed in the complaint for the detention of the property in question by the defendants. This motion was resisted on the ground that the Supreme Court did not order a new trial in whole or in part; but, after hearing on appeal all the issues of the case, rendered a distinct judgment on the merits, which, although making no express reference to the subject of damages, nevertheless impliedly adjudged that as well as every other issue in the cause, and the matter of damages is now *res adjudicata.* Judge Fraser, holding that the question of damage is "not now an open one," but was adjudged negatively by the Supreme Court, refused the motion for an order of reference. The plaintiffs appeal upon the following grounds:

"I. That his honor erred in holding that the question of damages was not an open one.

"II. That his honor erred in holding 'that the plaintiffs are entitled to be restored to the possession of the school-house in question, with the right to the control and management of the school-house, *and that is all.*'

"III. That his honor erred in holding 'that this matter has been adjudicated, and all that is left for the Circuit Court is to make such orders as are necessary to enforce the judgment of

---

[1] 23 S. C., 472.

the Supreme Court in reference to the possession of the school-
house.'

"IV. That his honor erred in holding 'that all the issues as to
relief were presented to the Supreme Court; that court has ren-
dered a judgment on these issues, granting a part of the relief,
and not expressly refusing, but not in express terms granting,
relief as to damages;' that the omission to award relief is in
effect an adjudication that the party is not entitled thereto.
Whereas it is respectfully submitted that this question of dam-
ages is not *res adjudicata;* but under the judgment of the Su-
preme Court, the plaintiffs are entitled to the order sought of
Judge Fraser; that court reversed the decree of Judge Pressley,
under which damages were refused to the plaintiffs, and decided
the question of title in the plaintiffs, and remanded the case to
the Circuit Court for such further proceedings as may be neces-
sary to carry out the views announced in the opinion.    The Su-
preme Court having held that the property was illegally held by
the defendants, it is respectfully submitted that damages natur-
ally flow from such illegal holding."

It is quite clear that the question as to the right to damages
has never in fact been adjudged.    From the view which Judge
Pressley took, the point did not and could not arise; for he held
that the defendants were rightfully in possession, and that the
plaintiffs were not entitled to recover the premises.    Upon appeal
to this court, that decree was reversed, and the plaintiffs held to
be entitled to the school-house in question; but the judgment
stopped there and did not—certainly in express terms—go be-
yond the point decided by the Circuit Judge.    No reference
whatever was made to the matter of damages, but that "the judg-
ment of the Circuit Court *be reversed,* and that the case be
remanded to that court for such further proceedings as may be
necessary to carry out the views herein announced."    The mat-
ter of damages was not expressly decided either in the Circuit or
the Supreme Court.

It is, however, insisted that the judgment of this court revers-
ing the judgment below on the main issue, and declaring the
plaintiffs entitled to the premises, was in legal effect a deter-
mination of the incidental question of damages, that it was

equivalent to an express decision that the plaintiffs were not entitled to damages, like the verdict of a jury, which finds for the plaintiff the land in dispute, but is silent upon the subject of damages, is held to conclude negatively the claim for damages, and cannot afterwards be referred to another jury to supplement it by assessing damages omitted in the first. But it should not be overlooked that the judgment of the Supreme Court was rendered in an appellate tribunal, which, as a rule, does not render original decisions upon points not considered in the decree appealed from. That is certainly the invariable rule in law cases, for the reason that the court has no power beyond correcting errors of law.

Regarding this, however, as a case "in chancery," in which this court, by virtue of its appellate powers, had the right to consider all the issues, including those not ruled on by the Circuit Judge, and to decide finally the whole case; yet, as we conceive, the court was not bound to do so. For good and sufficient reasons, an equity suit, in whole or in part, may be remanded, as in a law case a new trial may be granted. Besides, in this case there was no appeal as to the matter of damages, except as it might be involved in the general charge of "error in failing to grant the relief prayed for." It was certainly competent for the court to reverse the Circuit decree, declare the plaintiffs entitled to the premises, and then, being without a jury or other appropriate machinery for the assessment of damages, *remand* the case for such further proceedings as might become necessary under the new "view" declared as to the rights of the parties. The closing sentence of the judgment indicates that it was not intended to be final, but that further proceedings were contemplated. We do not think that the judgment of this court on appeal considered or determined the matter of damages.

Assuming, then, that the matter of damages was not *res adjudicata*, was it error in the Circuit Judge to refuse the motion for a reference to ascertain the damages which were caused by the defendants withholding the premises from the plaintiffs? If this had been a mere trespass upon the premises of the plaintiffs, only the law court, with a jury, could have taken cognizance of it. But there was in it something more than a mere trespass. The

prayer, among other things, was for *an injunction*, and the case has been treated throughout, without objection, as one on the equity side of the court.   It is certainly out of the usual course of procedure to have damages assessed for the detention of land by a reference or master in equity.   The rule is, that a jury is the proper tribunal for that purpose; but it seems that there is one well established exception.   "Where the court (equity) entertains jurisdiction to restrain further injury to land, by granting an injunction, it may grant compensation for the injury already committed, either by reference to the master or by ordering an issue *quantum damnificatus.*"   See *Bird* v. *Railroad Company*, 8 Rich. Eq., 46; 64 A. D., 739; *Lamar* v. *Railroad Company*, 10 S. C., 480, and authorities.

We cannot see why this case does not come within the exception indicated.   In the case of Bird, *supra*, Chancellor Dunkin said: "The principal doubt entertained by the court, is that suggested by the master of the rolls in *Nelson* v. *Bridges*, 2 Beav., 239.   It is a case of damages and not of account.   No profits have been made by the defendants, and the object is to ascertain the amount of loss which the plaintiff has sustained by their wrongful acts.   In that case, after much consideration, he ordered an issue *quantum damnificatus*.   In some points of view this would be the most satisfactory course here, but the plaintiff, by applying to this court, waives all claim for vindictive damages, and the actual injury and loss sustained may probably be as well ascertained before the commissioner as by subjecting the parties to the delay and expense of a trial at law," &c.   There can be no vindictive damages.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded for such further proceedings as may be necessary to carry out the conclusion herein announced.