## MASON v. GATES.

### Opinion delivered April 26, 1909.

PLEADING—RELIEF UNDER GENERAL PRAYER.—While, under a general prayer for relief, the court may grant any relief that the facts pleaded and proved will warrant, a general prayer will not entitle a party to relief upon a matter not made an issue in the case. Thus in a suit to quiet title where defendants asked merely that plaintiffs' bill be dismissed, they will not be entitled to have their title quieted as against plaintiffs.

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Manning & Emerson,* for appellants.

The decree below was reversed in this case (82 Ark. 294), and the cause remanded with directions to enter a decree in accordance with the opinion. The chancellor did not conform to the decree and opinion on the former appeal. It should have found for the heirs of the Hannas for lots 7 and 8 and for Mason for lot 6. But he gave no relief except as to Lankford. A lower court must conform to the mandate of the superior court. 60 Ark. 50.

J. H. Harrod and J. G. & C. B. Thweatt, for appellee.

1. The chancery court in its decree conformed to the opinion and mandate in 82 Ark. 24 in all respects. No process was issued on the intervention of the heirs of Hanna, nor does it appear they were ever made parties. No issue was ever made on their intervention. 82 Ark. 298. Their petition was "overruled and dismissed." Ib. 299.

Appellees should not have been enjoined, etc., for the court never found Mason or the Hanna heirs had any rights. Ib. 300.

2. 60 Ark. 50 has not the slightest application to this case.

FRAUENTHAL, J. This is the second appeal of this cause to this court. Upon the first appeal, a decision was rendered by this court on April 8, 1907, and the report of our opinion appears in the case of Mason v. Gates, 82 Ark. 294.

In that opinion the nature of this suit is fully set out and also the decision of this court. From this it will appear that the litigation related to certain lots in block number 43 in the town of DeVall's Bluff, Arkansas, and that the controversy grew out of the fact that there had been two different plats made of this block number 43, upon which the lots had been differently numbered and differently located. This court determined upon said appeal that the printed plat and known as Plat No. 1 was the correct plat of said block, and correctly designated and located the various lots in said block; and that the plat known as the recorded plat incorrectly designated the lots; and also decided that the plaintiffs were not entitled to recover the relief which they asked.

On September 11, 1907, the mandate of this court was filed in the Prairie Chancery Court; and at the November term, 1907, the said chancery court rendered the following decree in con-

formity, as it thought, with said mandate and the decision of this court:

"Now, on this day, this cause coming on to be heard, come the plaintiffs by J. G. Thweatt and J. S. Thomas, their attorneys, and comes Eugene Lankford, assignee of John Malcolm and W. J. Mason, special administrator of S. R. Mason, deceased, by J. M. McClintock, their attorney; and all parties in interest having been served with notice of this proceeding, and this cause being submitted on the mandate of the Supreme Court of Arkansas and the pleadings and papers in the case, by which it appears that the former decree, which was rendered in this cause on the 8th day of November, 1906, was error and ought not to have been rendered, and it appearing further by said mandate that the town plat of the town of DeVall's Bluff, Arkansas, as it appears on the record, is incorrect in so far as it affects block 43, and that the printed plat, which is designated in the pleadings and evidence as plat No. 1, is correct, the difference in the two plats being the way the lots are numbered; the plat on record showing the lots numbered commencing with lot 1 on the northwest corner of said block and numbering around the block, while the printed plat or plat No. 1 commences in the northwest corner of said block and numbering south around the block, showing lot numbers 1, 2, 3, 4, 5, 6, 7 and 8 in said block fronting on Main Street; and it appearing from the mandate of said Supreme Court that the plaintiffs are not entitled to recover, and that the decree of this court heretofore rendered confirming title in them to lots 25, 26, 27 and 28 in block 43 ought not to have been made; it is thereupon ordered, adjudged and decreed that the town plat of the town of DeVall's Bluff, Arkansas, as recorded in Deed Record 'Q,' page 81, be, and the same is hereby, corrected and reformed so as to show the numbering of lots in block 43 as shown by the printed plat exhibited in this case as plat No. 1, and the clerk and recorder of deeds for Prairie County, Arkansas, be and he is hereby directed to correct the said recorded plat so as to conform to this decree.

"By agreement of counsel, it is ordered, adjudged and decreed that the title of lot 5 in block 43, town of DeVall's Bluff, be and the same is hereby quieted, confirmed and made complete in Eugene Lankford, his heirs and assigns, forever. And it is fur-

ther ordered, adjudged and decreed that the complaint of the plaintiffs herein be, and the same is hereby, dismissed at their costs; and that the defendants have judgment against the plaintiffs for all their costs in and about this suit expended. To the judgment and decree of the court the defendants at the time excepted, and their exceptions noted of record; and defendants pray an appeal to the Supreme Court of Arkansas, which appeal is granted."

From the pleadings in this case it appears that F. Gates and R. S. Moore were the parties plaintiff, and John Malcolm and S. R. Mason were the parties defendants to the complaint. In the progress of the case prior to the first appeal, other persons were made or became parties to the suit, some by filing answers and others by filing interventions. The parties who are prosecuting this second appeal are the defendant, W. J. Mason, special administrator of S. R. Mason, who is claiming lot number 6, and Kate A. Crawford, Ozilla Adams, James R. Walker and W. T. Walker, who filed an intervention and claim lots number 7 and 8 in block 43, according to said plat number 1, as the heirs of G. W. Hanna and J. R. Hanna.

It is contended by these appellants that under the opinion and mandate of this court the Prairie Chancery Court should in this case have entered a decree vesting and quieting all title to said lot 6 in the estate of S. R. Moore, and vesting and quieting all title to lots 7 and 8 in the above named interveners and also divesting all title and claims of every kind to said lots out of appellees and their grantees and enjoining them from interfering with appellants in the use and occupancy of said lots and estopping them from setting up any claim or title to said lots.

The extent of the findings and decision of this court on said appeal appears, we think, clearly from said opinion; nevertheless, in order to make the same more certainly understood, we will notice the nature of the cause of action and the pleadings in the case. The plaintiffs claimed the above lots described by other numbers and as they were designated on the plat of block 43, known as plat 2 or the recorded plat; and in the prayer of their complaint for relief asked that the said plat 2 or recorded plat of said block 43 be declared to be the correct plat of said block, and the lots as thereon designated be declared the correct de-

scription of the lots, and that all title to the lots be divested out of the defendants, Malcolm and Mason, and vested in the plaintiffs.

The defendants in the prayer of their answer and cross-complaint asked that the recorded or plat No. 2 of said block 43 be corrected and reformed so that same should appear and designate and locate the lots thereof according to the printed plat No. 1 of said block 43, and "that plaintiffs' suit be dismissed for want of equity and for such other and further relief as may be necessary."

In the prayer of their intervention, the above-named parties, interveners, asked "that they be permitted to intervene in this suit and set up their rights and claim to lots 7 and 8 aforesaid and make answer to the claim of the plaintiffs in this cause, to the end that their rights may be protected and adjudicated."

No other pleading was made or filed by the defendants or interveners; and no answer was filed by plaintiffs to the intervention. So that neither in the answer and cross-complaint of defendants, nor in the intervention, was there any prayer for the specific relief now set out in the above contention of appellants for the terms of the decree. The intervention does not ask that it be taken as a cross-complaint against plaintiffs, nor was process issued thereon, nor was there made any answer or appearance thereto as a cross-complaint.

It is true that in a complaint, cross-complaint or intervention the statement of facts and not the prayer for relief constitutes the cause of action; and the court may grant any relief that the facts thus pleaded and proved will warrant. *Kelley's Heirs* v. *McGuire*, 15 Ark. 555; *Chaffe* v. *Oliver*, 39 Ark. 531; *Ashley* v. *Little Rock*, 56 Ark. 391; *Sannoner* v. *Jacobson*, 47 Ark. 31; *Waterman* v. *Irby*, 76 Ark. 551; *Rugg* v. *Lemley*, 78 Ark. 67. But while in modern procedure a great liberality is given to the construction and effect of pleadings so that the substance may take the place of form and the true rights of the parties enforced as they can be actually seen, yet it is necessary that each party be given full knowledge of what the issues are, so that he can develop and present the evidence of his side of the case, to the end that the full truth can be brought before the court. The deficient relief may be supplied under the prayer for general relief, but

the court will not suffer the defendant to be taken by surprise, and permit the plaintiff to take a decree that is not responsive to the issues and which is not justified by a full development of the case by the testimony. As is said by this court in the case of *Cook* v. *Bronaugh,* 13 Ark. 183, 188, quoting from Mr. Daniell in 'his work on Chancery Pleading and Practice:

"It is to be observed that, in order to entitle the plaintiff to a decree under the general prayer different from that specially prayed, the allegations relied upon must not only be such as to afford a ground for the relief sought, but they must have been introduced into the bill for the purpose of showing a claim to relief, and not for the mere purpose of corroborating the plaintiff's right to the specific relief prayed; otherwise, the court would take the defendant by surprise, which is contrary to its principles." And, as is said in the case of *Rogers* v. *Brooks,* 30 Ark. 612, 618: "But, although it may from the proofs be apparent that the complainant is entitled to other relief, yet, unless the bill is so framed as to put such facts at issue, the court will not decree such further relief, for it would be decreeing upon an issue not before the court, and to which the proofs could not properly apply, and would tend to surprise the defendant." Ex parte *Conway,* 4 Ark. 302 (378); I Daniell, Pleading & Practice, p. *378; 16 Enc. Pleading & Practice, 803; 16 Cyc. 225; *Hall* v. *Towne,* 45 Ill. 493.

In this case the defendants and interveners did not in their pleadings ask for the relief of having all title to the lots vested in them and for the possession thereof; they did not ask that plaintiffs be enjoined from setting up any claim or rights in the lots; the plaintiffs did not answer the pleadings of the defendants and interveners; and no such issues as now are contended for by appellants were joined by the parties. So that the testimony in the case was not fully developed along the lines of such issues. It appears that the plaintiffs were in possession of the lots, and had made improvements thereon, had paid taxes on the lots and collected rents thereof. This crops out from the testimony in a general way. But none of these rights, claims or equities were developed by the testimony. All the rights, claims and equities of the parties in these lots were not put in issue by the allegations of the pleadings, and were not covered therefore by the  .

prayers thereof; and hence were not developed by the testimony, and so were not actually litigated over. And so, too, the testimony relative to the present ownership and title to the lots was not sufficiently developed, so that this court on said appeal could make a finding thereof. As to lot 6 in block 43 in said opinion (*Mason* v. *Gates,* 82 Ark. 294) we said: "Lot 6 in block 43 was sold by the original owners to Brinkley, and we find in the record nothing to show that he or his heirs ever lost or conveyed title." But we did not make a finding that the title to that lot was in Mason, and therefore should be quieted in him. And so, with reference to lots 7 and 8, block 43, there is no finding in said opinion that the title to said lots is in the interveners. It only found that G. W. Hanna and J. R. Hanna, one or both, occupied the lots, and erected a building thereon and collected the rents thereof until their death. As before stated, these matters were not sufficiently developed by the evidence to base a finding thereon, even if such issues had been properly made by the pleadings.

In said case this court did find, and did only determine, that the printed plat number one of block 43 of DeVall's Bluff was the correct plat and did correctly designate and locate the lots thereon; and that the plaintiffs failed to show title to lots 5, 6, 7 and 8 in block 43, and were not entitled to recover.

We are therefore of the opinion that the decree entered by the Prairie Chancery Court and now appealed from is in accordance with the former opinion of this court. That decree is therefore affirmed.