### COOLEY *v.* LOVEWELL.

Opinion delivered July 11, 1910.

1. JUDGMENTS SUMMARY—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 94, authorizing summary judgments on motion by sureties against their principals, by clients against their attorneys, by plaintiffs in execution against sheriffs, constables and other officers, and in all other cases specially authorized by statute, is penal in its character, and must be strictly construed. (Page 568.)

2. EQUITY—PENALTIES.—Courts of equity will not lend their aid in the enforcement of penalties. (Page 568.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*J. T. Coston,* for appellant.

The demand was sufficient. 73 S. W. 234; 34 Atl. 265; 32 Atl. 229; 10 N. W. 562; 9 Ore. 418; 11 Ala. 535; 19 Mass. 544. The denial constituted a negative pregnant only. 32 N. W. 382; 48 N. E. 772; 17 Pac. 890; 31 Pac. 804; 77 Am. Dec. 511; 82 *Id.* 82; 74 Pac. 503; 54 Pac. 400; 32 Ark. 105; 46 Ark. 134; 45 Pac. 204; 13 Pac. 536; 19 Pac. 446; 120 S. W. 393. The law presumes that the person to whom a letter was properly addressed and mailed received it. 111 U. S. 194; 124 S. W. 513; 69 S. W. 53; 26 N. E. 738; 3 N. E. 486; 29 Am. R. 503; 43 N. Y. Sup. Ct. 344.

*W. J. Lamb,* for appellee.

The presumption that a letter was received by the addressee is no more than an inference of fact. 105 Mass. 392; 124 S. W. 513; 69 S. W. 53. It must be proved that the letter

was received. 58 Ark. 8; 11 Ark. 212; 56 S. E. 429; 114 N. W. 1098. The failure of a party to testify should raise no presumption against him. 119 S. W. 672; 34 Mo. App. 454.

McCulloch, C. J. Appellants, as assignees of a decree rendered by the chancery court of Mississippi County against one Bowen and the sureties on his retaining bond in replevin, filed in that court against John A. Lovewell, sheriff of the county, a motion for summary judgment against the latter and his bondsmen for the penalty prescribed by statute for failing to pay over money and for failing to execute and return process placed in his hands. A penalty is first sought to be recovered under section 4487, subdivision 7, Kirby's Digest, for failure to pay on demand moneys received by him; second, the penalty prescribed by subdivision 1 of the same section for failing to return an execution; and, third, the penalty prescribed by subdivision 3 of the same section for failing to make the money on said execution.

As to the first penalty sought to be recovered, this can be disposed of on the ground that the evidence is not sufficient to overturn the finding of the chancellor that there was no refusal to pay over the money. The money came into the hands of the sheriff by virtue of a sale of property made by him pursuant to an order of the chancery court, and he held it subject to the orders of the court. He tendered the amount with his answer to appellant's motion, subject to the order of the court, and the court directed him to pay it over to appellant. This is the full measure of relief they are entitled to against the officer.

The proceedings were brought under chapter 94 of Kirby's Digest, which authorizes summary judgment on motion by sureties against their principals and against co-sureties; by clients against attorneys; by plaintiffs in execution against sheriffs, constables and other officers; and in all other cases specially authorized by statute. Section 4487 of Kirby's Digest provides the penalties which may be recovered by summary judgment against officers and their sureties.

The statute is penal, and must be strictly construed. *Milor v. Farrelly,* 25 Ark. 353. Courts of equity will not lend their aid in the enforcement of penalties. 2 Story, Eq., 1319, 1494; *Mississippi Railroad Commission* v. *Gulf & Ship Island Rd. Co.;*

78 Miss. 750; *Broadnax* v. *Baker,* 94 N. C. 675; *Gordon* v. *Lowell,* 21 Me. 251.

The decree is therefore correct, and the same is affirmed.