COLE *v.* BRANCH & O'NEAL.

Opinion delivered July 5, 1926.

1.  APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—An issue based upon conflicting testimony was properly submitted to the jury, and their verdict is conclusive.

2.  PLEADING—DISCRETION AS TO PERMITTING AMENDMENT.—A request for leave to amend the complaint by changing or adding to the original cause of action is addressed to the court's sound discretion, and the exercise thereof will not be disturbed unless an abuse thereof clearly appears.

3.  PLEADING—REFUSAL TO PERMIT AMENDMENT.—Where the complaint alleged a breach of an express warranty, refusal of a request, made after all the testimony was in, for leave to amend

by alleging an implied warranty and breach thereof will not be disturbed.

4. SALES—CAVEAT EMPTOR.—Where a dealer sold cotton seed to another dealer for resale, there was no implied warranty of quality or fitness, but the doctrine of *caveat emptor* applies.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*E. L. Matlock* and *D. H. Howell*, for appellant.

*C. M. Wofford* and *Starbird & Starbird*, for appellee.

McCulloch, C. J. This is an action instituted by appellant against appellees to recover damages sustained by reason of the breach of an alleged warranty in the sale of cottonseed. Each of the parties to the action is engaged in the business of handling and selling cottonseed, and appellees sold 201 bushels to appellant, who purchased the same for resale to customers. It is alleged in the complaint that appellees expressly warranted the seed to be of a certain brand and of a certain percentage of fertility. The answer of appellees contained a denial of the warranty, and denied that the seeds were infertile to any appreciable extent. There was a trial of the issues before a jury, which resulted in a verdict in favor of appellees.

Appellant testified that appellees made an express warranty as to the quality and fertility of the seed, but there was a conflict in the testimony, and the court correctly submitted that issue to the jury. The verdict is therefore conclusive on that issue.

When all of the testimony had been introduced, appellant asked leave of the court to amend his complaint so as to charge an implied warranty and the breach thereof. The court denied the request, and an exception was duly saved. Appellant also asked the court to give certain instructions submitting the issue of implied warranty and the breach thereof, but these requests were denied. The request for leave to amend the complaint by changing or adding to the cause of action originally stated was one which was addressed to the sound discretion of the trial court, and on appeal the exercise of that discre-

tion will not be disturbed unless an abuse thereof clearly appears. *Rucker* v. *Martin*, 94 Ark. 365, 120 S. W. 1062. We are of the opinion that the discretion vested in the court was not abused in this instance, at least it does not clearly so appear. A litigant cannot, in the trial of a cause, wait until all the testimony is introduced and then ask, as a matter of right, for a change of the issues. His request is not granted purely as a matter of right, but it appeals to the discretion of the court. There is no reason shown why appellant could not have amended his complaint in the beginning as well as at the end of the trial. We think there was no abuse of discretion and that we ought not to disturb the ruling of the court in the exercise thereof. In addition to that, we are of the opinion that the evidence fails to show a state of facts from which a warranty can be implied. Appellant was a dealer, and bought the seed for resale, not for his own use, and the rule established by decisions of this court in such cases is that the doctrine of *caveat emptor* applies in the sale of a commodity by one dealer to another and that there is no implied warranty of quality or fitness. *Nelson* v. *Armour Packing Co.,* 76 Ark. 352, 90 S. W. 280; *Drury* v. *Armour & Co.,* 140 Ark. 371, 216 S. W. 40. This rule was announced in cases involving the sale of commodities to be consumed as food, but the rule applies with equal force to planting seed and other articles of merchandise. Therefore we hold, for both reasons, that there was no error in the court's ruling, and the judgment is therefore affirmed.