New York Life Insurance Company *v.* McGee.

Opinion delivered February 9, 1931.

*Mann & McCulloch* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Smith & Fitzsimmons,* for appellee.

McHaney, J. Appellee held a policy of life insurance in appellant company, one clause of which insured him to the extent of $50 per month against total and permanent disability. He became totally and per-

manently disabled, demanded payment for three months (proofs being made), which was refused, and this suit followed to collect $150 for the three months' disability. Appellant defended on the ground that false and fraudulent answers were made to questions in his application for insurance concerning the physicians he had consulted, the diseases with which he had been afflicted, and the condition of his health. The answer was filed April 7, 1930, and the case continued and set down for trial at a special term of court for May 12, 1930, at appellant's request. On said latter date, after both sides had announced ready for trial and while the jury was being impaneled, counsel for appellant filed what they called an "amendment to answer, motion to make Cleo B. McGee a party defendant and to transfer to equity," in which it was alleged that, by reason of the matters set out in its answer, the policy sued on is void, that it was entitled to have same canceled, and that it had no adequate remedy at law; that Cleo B: McGee is named beneficiary in the policy, claims an interest therein, and should be made a party defendant. It prayed that she be made a party, that the cause be transferred to equity, the policy canceled and surrendered to it. The court overruled said motion. The cause proceeded to trial resulting in a verdict and judgment for appellee.

The only question presented for our determination is the alleged error of the court in refusing to transfer the cause to equity. We think the trial court correctly overruled the motion. It was in the discretion of the court to permit it to be filed, coming, as it did, after issue joined and the case postponed and set specially at appellant's request, and after it had announced ready for trial and the jury being struck. Therefore, no error was committed in overruling its motion under these circumstances, even though it might, under other circumstances, have been meritorious. Overlooking, however, the tardiness of its presentation, we are of the opinion that appellant had a complete and adequate remedy at law, and that the case is ruled by the decision of this court in *Bassett* v. *Mutual Benefit Health & Accident Assn.*, 178

Ark. 906, 12 S. W. (2d) 893, where we held that, conceding, but not deciding, the chancery court had jurisdiction, upon allegations of fraud in its procurement, to cancel the policy after the death of the insured, "it must also be said that the jurisdiction to grant relief by cancellation was not exclusive, as the circuit court, upon proof of fraud invalidating the policy, could, by refusing to permit a recovery on the policy, have granted, in effect, the same relief. The circuit court certainly had jurisdiction to determine whether the policy was void for the reason that its reinstatement had been procured by fraud, and its jurisdiction was first invoked, and for this reason, if for no other, the cause should have been re-transferred to the circuit court." See also cases cited in that case. So here the circuit court, whose jurisdiction was first invoked where issue was joined without objection, had jurisdiction to determine the question of fraudulent procurement of the policy, and, conceding without deciding that chancery had jurisdiction after liability had accrued under the policy, such jurisdiction was not exclusive.

Affirmed.