Wesley M. STOLZ et ux *v.*
Donald Ray FRANKLIN et ux

75-111                                          531 S.W. 2d 1

Opinion delivered December 15, 1975
[Rehearing denied January 19, 1976.]

*James F. Dickson*, for appellants.

*R. H. Mills*, for appellees.

JOHN A. FOGLEMAN, Justice. This is an appeal from a decree quieting title to eight acres of land in the appellees, Donald Ray and Debbie Kay Franklin, on their petition in the chancery court. Appellants, Stolz, offer five points for reversal.

Appellants and appellees, holders of adjacent properties, trace a common source of title from G. H. and Beulah Mae Newlin who were common owners of all the land conveyed to appellants and one Garland Smith, appellees' grantor. From the Newlins, Smith purchased 40.35 acres, more or less, 39.55 acres of which he conveyed in fee simple absolute by warranty deed to appellees on 23 January 1974, less .8 acre conveyed away in the interim. This acreage is traversed by the Union Star Road; eight acres lying to the east thereof constitute the tract in dispute. The record title of appellees is not really questioned. Appellants purchased a forty-acre tract from Newlin to the east of the above described tract and adjacent to the eight acres in controversy. No fence separated these properties at the time of any of these transfers.

On 13 March 1974, the appellees filed their petition to quiet their title to all the land described in their warranty deed. They also sought injunctive relief to permanently restrain appellants from trespassing upon the land or interfering with appellees' possession thereof and asked recovery of compensatory damages for trespass and conversion of hay and fencing materials removed therefrom,

punitive damages, and costs from appellants. Appellants answered denying each and every material allegation of the petition. This general denial was the only pleading filed by them, except for a motion to quash service of process, which was denied. At no time did appellants plead or assert the affirmative defense of adverse possession; nor did they offer a motion for the transfer of the cause to the circuit court.

The appellees' evidence showed that the description in their warranty deed covered the "disputed" eight acres; that Smith and the appellees had paid all the taxes assessed on the land included in the description; and that the portion of appellees' land west of the Union Star Road was enclosed by a good fence and in the actual possession of appellees, their predecessor in title, Smith, or their lessees over the years. According to the testimony, the eight-acre tract east of the road was not enclosed by a good fence, although there was a fence of sorts which did not, according to the testimony of several witnesses, suffice to restrain cattle set out to pasture therein, until after the road was widened and a new fence constructed some two or three years before the appellees filed their petition. Appellants revealed in later testimony that they had pastured cattle there and that indeed some had escaped and had to be pastured elsewhere. In his pleadings and in his testimony, corroborated by the testimony of Milton Lofton, Donald Ray Franklin disclosed that he had constructed a fence along the eastern boundary of the acreage to the east of the Union Star Road after having had a survey made in late 1973. Shortly thereafter, Wesley Stolz had the fence destroyed and removed the materials. It was, according to Franklin, this action and Stolz's avowal to remove any fence Franklin might thereafter construct that caused appellees to initiate this action.

At the close of appellees' case, appellants demurred to the evidence and requested that the petition be dismissed upon the specific ground that the appellees had failed to establish possession of the property requisite to the maintenance of an action to quiet title, that appellees had an adequate remedy at law in ejectment, and that the equitable clean-up doctrine did not include all the damages requested by appellees.

The chancellor sustained the demurrer as to damages for the cutting and removal of hay from the land but otherwise overruled it. According to the chancellor, that portion of the case relating to damages was "purely and simply an action for damages and for trespass and for alleged conversion." Considering the removal of the fence by Stolz "incidental to the physical marking of the boundary line and the demarcation on the part of the plaintiffs and associated with the boundary line question," he held these elements of damages to come within the court's jurisdiction under the clean-up doctrine.

The appellants thereafter presented their evidence and the chancellor entered a decree quieting title in appellees, restraining appellants from interfering with appellees' use of the land, and awarding appellees damages in the amount of $84.25 for the removal and conversion of the fencing materials.

Appellants list five points for reversal, but three of them involve the same fundamental question, i.e., the jurisdiction of the chancery court to grant relief to appellants. That jurisdiction was raised only by a demurrer to the evidence when appellees (the plaintiffs) rested their case. The chancellor held that the objection to jurisdiction had been waived by failure to raise it by answer, demurrer or timely motion to transfer. The basis of appellants' attack on equity jurisdiction was the fact that appellees were not in actual possession of the disputed tract, although it is clear that they did have the requisite possession of all of the tract they purchased except for the eight acres east of Union Star Road.

Appellees' action was brought pursuant to Ark. Stat. Ann. § 34-1901 (Repl. 1962), which provides:

Any person claiming to own land that is wild or improved or land that is in the actual possession of himself, or those claiming under him, may have his title to such land confirmed and quieted by proceeding in the manner hereinafter provided.

Appellees pleaded actual possession in their complaint and appellants joined issue on this fact by their general

denial, but never affirmatively pleaded adverse possession or offered any motion to transfer the cause to a court of law. Appellees' evidence that they were in actual possession of the land west of the road gave them constructive possession of the entire tract included in the description in the warranty deed. *Carter* v. *Stewart*, 149 Ark. 189, 231 S.W. 887. Furthermore, appellees offered some evidence of actual possession of the eight acres to the east of the road, i.e., the construction of the fence on the eastern boundary, and, throughout the trial, timely objected to all offers of proof of adverse possession by appellants.

In alleging error on the chancellor's part for his overruling their demurrer, appellants argue that "equity jurisdiction to quiet title independent of statute can only be invoked by a plaintiff in possession holding the legal title," citing *Gibbs* v. *Bates*, 150 Ark. 344, 234 S.W. 175, and *Lowe* v. *Cox*, 210 Ark. 169, 194 S.W. 2d 892. In *Gibbs*, the chancellor found for the defendant and dismissed the complaint for want of equity jurisdiction where the defendant had answered denying possession by the plaintiff and averring possession in herself.[1] This appellants here failed to do. Contrary to their explanation for this failure, appellants did not risk waiving an objection to the jurisdiction of the court or invoking the equity jurisdiction of the court themselves in pleading adverse possession. This is exactly what was done successfully by the defendant in *Gibbs*, although it is true that where the defendant in a quiet title action files an answer setting up title in himself by adverse possession and requests affirmative relief, he thereby waives his objection to the jurisdiction of the court and cannot complain if it is exercised against him. See *Cribbs* v. *Walker*, 74 Ark. 104, 85 S.W. 244.

But equity jurisdiction of an action to quiet title is not to be tested solely upon the plaintiff's possession. Rather, it depends to some extent upon the ability of a court of law, under the circumstances of the case to give complete relief. Covington, *Bills to Remove Cloud on Title and Quieting Title in Arkansas*, 6 Ark. Law Rev. 83, 93, 98. For instance, where

---

[1] It is significant that the record showed that the defendant Bates had been in possession of the land in question for more than 15 years claiming it adversely to all persons.

neither party is in possession or where jurisdiction is invoked to prevent a continuing trespass, equity may act. See *Shirk* v. *Williamson*, 50 Ark. 562, 9 S.W. 307; *Mooney* v. *Cooledge*, 30 Ark. 640.

Appellees did seek relief by injunction against a threatened repeated trespass. The complaint probably did not state grounds for equitable relief because the alleged actual trespass was a simple trespass which did not inflict irreparable injury and the repetition was only threatened. See *Sanders* v. *Boone*, 154 Ark. 237, 242 S.W. 66, 32 ALR 461. But jurisdiction on this basis was not challenged by the general denial filed, by demurrer to the pleading or by motion to transfer to law. Yet, if appellee had succeeded in showing continuing trespass or irreparable injury, the jurisdiction of equity to quiet title would have been complete.

As pointed out in *Lowe* v. *Cox*, supra, the reason equity does not have jurisdiction where the plaintiff's title is a purely legal one and someone else is in possession is that the remedy at law is plain, adequate and complete, and an action in ejectment cannot be maintained in equity in the guise of a bill in chancery. When such a suit is improperly brought in equity, it should not, on that account be dismissed, as appellants here sought to have done by demurrer to the evidence, but should be transferred to the law court; and if no motion is made to transfer the cause, the objection is waived. *Cribbs* v. *Walker*, supra. See also *Wade* v. *Goza*, 78 Ark. 7, 96 S.W. 388. The applicability of this principle to an action of ejectment has been long established. *Catchings* v. *Harcrow*, 49 Ark. 20, 3 S.W. 884. Appellants made no motion to transfer here so they waived any objection to the jurisdiction of the chancery court.

Appellants properly assert that they could not move to transfer the case to law solely on the pleadings because of the allegation in the complaint that appellees were in possession. *Eades* v. *Joslin*, 219 Ark. 688, 244 S.W. 2d 623. Furthermore, the jurisdiction of the chancery court on the ground that the plaintiff has an adequate remedy at law could not have been challenged by demurrer or general denial. *Reid* v. *Karoley*, 232 Ark. 261, 337 S.W. 2d 648; *Whitten Developments, Inc.* v. *Agee*, 256 Ark. 968, 511 S.W. 2d 466. The only proper remedy was

a motion to transfer to law. *Jackson v. Smith*, 236 Ark. 419, 366 S.W. 2d 278.

Appellant was not in anywise prevented from reserving the question of jurisdiction in his answer or of moving to transfer before the trial commenced in spite of the allegations of the complaint. Even though the grounds for transfer did not adequately appear upon the face of the pleadings in this case, appellant could have presented evidence on a motion to transfer to show that the issues were purely legal ones. *Haggart v. Ranney*, 73 Ark. 344, 84 S.W. 703.

In the absence of such a motion, the chancery court may, in its discretion, transfer the case on its own motion or proceed to trial on the merits. *Sledge-Norfleet Co. v. Matkins*, 154 Ark. 509, 243 S.W. 289, *Catching v. Harcrow*, supra. Where a defendant has answered and not reserved any objection to the jurisdiction of the court on the ground that there is an adequate remedy at law, he cannot insist on it at the hearing unless the court is wholly incompetent to grant the relief sought. *Reid v. Karoley*, supra; *Whitten Developments, Inc. v. Agee*, supra.

Appellants have urged that their demurrer to the evidence should have been considered as a motion to transfer, even though they did not request that this be done. The chancellor was not required to do so because the motion was not timely. When a party goes to trial without seeking transfer to the proper forum, it is within the trial court's discretion whether the motion be entertained and refusal to transfer, even before any evidence on the merits has been heard, is not error. *New York Life Ins. Co. v. McGee*, 183 Ark. 141, 35 S.W. 2d 92; *Phelps & Jones v. Jackson*, 27 Ark. 585. See also, *Arkansas Const. Co. v. Pidgeon-Thomas Iron Co.*, 172 Ark. 721, 291 S.W. 57; *Hemphill v. Lewis*, 174 Ark. 224, 294 S.W. 1010.

Of course, the chancery court is not, as we have demonstrated, wholly incompetent to grant the relief appellees sought. See *Collins v. Paepcke-Leicht Lumber Co.*, 74 Ark. 81, 84 S.W. 1044. An ejectment suit may be tried in equity if an objection to its jurisdiction is not timely made.

*Ogden* v. *Ogden*, 60 Ark. 70, 28 S.W. 796; *Flanagan* v. *Ray*, 149 Ark. 411, 232 S.W. 600; *Catchings* v. *Harcrow*, supra.

The practice of withholding an objection to the jurisdiction of equity on the ground that there is an adequate remedy at law until the hearing of the case was soundly condemned in *Cockrell* v. *Warner*, 14 Ark. 345, where it was said that a party who had pleaded on the merits, without reserving the objection, cannot insist on it unless the equity court is wholly incompetent to grant the relief sought.

We find no error or abuse of discretion in the court's overruling appellants' demurrer to the evidence or in trying the case on its merits.

Appellants also complain about the court's refusal at the conclusion of the trial to grant their motion that the pleadings be amended to conform to the proof on the question of appellants' adverse possession for more than seven years. They say that the court should not only have done this but, having done so, should have confirmed title in them on the basis of their adverse possession. They also contend that their general denial raised the issue because appellees alleged that appellants had not been in open, notorious, hostile, adverse or continuous possession of the tract in dispute during any sustained period.

Appellants rely upon Ark. Stat. Ann. § 27-1155 (Repl. 1962), but this section is not the only one bearing upon amendment of the pleadings to conform to the proof, which is covered by Ark. Stat. Ann. § 27-1160 (Repl. 1962). Of course, adverse possession for seven years is an affirmative defense which must be pleaded by answer. *Sanders* v. *Flenniken*, 172 Ark. 454, 289 S.W. 485. It may be the basis for affirmative relief. *Worthen* v. *Rushing*, 228 Ark. 445, 307 S.W. 2d 890. But it should have been asserted by counterclaim before appellants could have their title quieted on that ground. See *Mason* v. *Gates*, 90 Ark. 241, 119 S.W. 70. A general denial could not possibly raise either issue, for it only serves to deny each separate allegation of the complaint. Affirmative defenses and counterclaims must have been specifically stated in addition to the general denial. Ark. Stat. Ann. § 27-

1121 (Repl. 1962). It was not error to exclude evidence proffered on the issue in the absence of a pleading raising it. *Rucker* v. *Martin, Phillips & Co.*, 94 Ark. 365, 126 S.W. 1062.

Allowing an amendment to conform to the proof, where objection has been made to the evidence which would form the basis of the amendment (as was done here from the inception of the trial) is a matter lying within the sound judicial discretion of the trial court and its action will be sustained on appeal unless there has been a manifest abuse of that discretion. *Rucker* v. *Martin, Phillips & Co.*, supra; *Cole* v. *Branch & O'Neal*, 171 Ark. 611, 285 S.W. 353. See also, *Hogue* v. *Jennings*, 252 Ark. 1009, 481 S.W. 2d 752. It has been held that it is not an abuse of discretion to deny such a motion which would inject into the case an issue not raised by the pleadings when it is made after the case has been completely developed, because the adverse party then is not prepared to meet the new allegation. *Old American Ins. Co.* v. *Deloney*, 178 Ark. 1194, 13 S.W. 2d 825; *Butler* v. *Butler*, 176 Ark. 126, 2 S.W. 2d 63; *Cole* v. *Branch & O'Neal*, supra; *Mooney* v. *Tyler*, 68 Ark. 314, 57 S.W. 1105; *Kempner* v. *Dooley*, 60 Ark. 526, 31 S.W. 145.

We are certainly unable to say that there was an abuse of discretion in this case where appellees consistently objected to the evidence relied on for amendment. Appellants were admittedly avoiding pleading the issue for fear that to do so might sustain equity jurisdiction and, in stating their motion to amend, concluded with the statement that they also wished to preserve the record that there was a lack of equity jurisdiction.

On cross-appeal, appellees contend that the court should have allowed all damages they sought, including punitive damages. Assuming that the evidence would have supported an award of punitive damages, appellees invoked equity jurisdiction. Punitive damages are in the nature of a penalty. See *Holmes* v. *Hollingsworth*, 234 Ark. 347, 352 S.W. 2d 96. Equity will not ordinarily enforce penalties. *Hendrix* v. *Black*, 132 Ark. 473, 201 S.W. 283, LRA 1918 D 217; *Cooley* v. *Lovewell*, 95 Ark. 567, 130 S.W. 574. It has been held that one who appeals to a court of equity for relief waives the award of

punitive damages as a matter of right. *Coca-Cola Co.* v. *Dixi-Cola Laboratories*, 155 F. 2d 59 (4 Cir., 1946); *Busby* v. *Mitchell*, 29 S.C. 447, 7 S.E. 618 (1888); *United States* v. *Bernard*, 202 F. 728 (9 Cir., 1913); *Wilborn* v. *Balfour*, 218 Miss. 791, 67 S. 2d 857 (1953); *Superior Construction Co.* v. *Elmo*, 204 Md. 1, 102 A. 2d 739, 104 A. 2d 581, 48 ALR 2d 932 (1954). Certainly, one who elects to proceed in equity where he had an adequate remedy at law (as appellees did) must be held to have waived punitive damages.

We find no error in the chancellor's sustaining appellants' demurrer to the evidence as to damages for their having cut hay as a matter of trespass and conversion (common law torts) and not incidental to appellees' title or right to possession. See *Spitzer* v. *Barnhill*, 237 Ark. 525, 374 S.W. 2d 811.

The decree is affirmed on appeal and cross-appeal.

BYRD, J., dissents.