MID-SOUTH PARTITIONS, Inc. et al *v.*
William A. BRANDON, et ux

76-359                                          547 S.W. 2d 764

Opinion delivered March 21, 1977
(Division I)

*Coleman, Gantt, Ramsey & Cox,* for appellants.

*Moses, McClellan, Arnold, Owen & McDermott,* by: *Wayne W. Owen,* for appellees.

CONLEY BYRD, Justice. This is an ejectment action brought by appellees William A. Brandon and Betty J. Brandon against appellants Mid-South Partitions, Inc., Bruce and Marjorie Thalheimer and Charles Leon and Linda Smith to settle a boundary dispute. The jury found the issues in favor of appellees. For reversal, appellants contend that the trial court erred in refusing to submit to the jury their instruction on adverse possession.

Admittedly appellants did not affirmatively plead adverse possession. However, they contend that in an ejectment action one does not have to affirmatively plead adverse possession and cite as authority *Floyd* v. *Ricks,* 14 Ark. 286 (1853) to the effect that in ejectment under a general denial it is permissible for the defendant to show any title either freehold or possessory which will defeat the plaintiff's title. In making this argument, the appellants overlook Ark. Stat. Ann. § 34-1408 (Repl. 1962) which now requires the defendant in an ejectment action to state the facts showing a prima facie title. As we construe that statute, it requires a defendant to affirmatively plead the defense of adverse possession. See *Stolz* v. *Franklin,* 258 Ark. 999, 531 S.W. 2d 1 (1975), and *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S.W. 2d 645 (1951).

In the alternative, the appellants contend that the issue of adverse possession was placed before the court by the complaint of the plaintiff. This contention is disputed by the appellees, but we need not reach it because as we view the record the evidence was insufficient to warrant the giving of the instruction.

For the appellants to show adverse possession it was necessary for them to tack their possession to J. M. Mullins, a former owner. Mr. Mullins testified that he purchased the property in 1961 and that he later constructed a building on a portion thereof. When he purchased the property he had it surveyed and the survey stakes were placed close to a fence. Later when the Teamster's Building was erected, the contractor doing the work placed some dirt on Mullin's property and smoothed it out close to the fence. Nowhere does Mr. Mullins show that he openly, notoriously and adversely held the property up to the fence. Other witnesses testified that they found evidence of a fence along the disputed strip but

nobody testified what kind of a fence was involved nor that it was recognized by any adjoining owner as the boundary.

Upon the record, we cannot find any substantial evidence to support appellants' claim of adverse possession. Consequently, the trial court did not err in refusing their instruction.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.